**CUBA DISTILLING CO., Inc., et al. v. GRACE LINE, Inc.**

**No. 382.**

Circuit Court of Appeals, Second Circuit.

June 26, 1944.

Eugene F. Gilligan, and Kirlin, Campbell, Hickox, Keating & McGrann, all of New York City, for appellants Grace Line Inc., and S. S. Lara.

Leonard J. Matteson and Bigham, Englar, Jones & Houston, all of New York City (Andrew J. McElhinney, of New York City, of counsel), for appellees.

Before L. HAND, SWAN, and CLARK, Circuit Judges.

PER CURIAM.

Whatever measure of lenity we should accord the "Lara", faced with the sudden apparition of the "Cassimir," we cannot excuse her altogether. The judge found that, when the "Cassimir's" lights were snapped on, she already appeared to be a vessel headed across the "Lara's" bows from port to starboard. That finding had adequate support in the evidence, and we will not disturb it. It made the "Lara's" navigation the only course sure to bring her into collision. Had she kept on, she would probably have gone under the "Cassimir's" stern; had she backed, she would almost certainly have done so; had she put her rudder hard left, that result would have become still more assured. It is indeed the instinctive response of a master in an emergency to put his rudder hard right; if both ships do so, the chances of collision are apt to be much reduced. But no emergency will excuse the absence of all clear thinking; after all, men, charged with responsibilities of command, must not be wholly incapacitated for sound judgment when suddenly thrust into peril. Part of their equipment for their duties is some ability to think, be the situation ever so sudden and so grave. Indeed, it is only fair in the case at bar to suppose that the officer in charge did not see the actual heading of the "Cassimir." But the look-out did, and the ship is as much charged as though he had passed the word on to the officer. The situation falls within what we said in A. H. Bull SS. Company v. United States, 34 F.2d 614, 616; "Even in extremis * * * some discretion is demanded; the phrase means no more than that less judgment is required in an emergency than when there is time to consider; it does not exculpate all faults; it is no more than a palliative."

Decree affirmed.